IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

FILED
2008 FEB 22 DB

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

| | |
|---|---|
| GEORGE PRESTON, | |
| Plaintiff, | |
| vs. | CASE NO.: |
| OCWEN LOAN SERVICING, LLC, (A Delaware Limited Liability Company), OCWEN FINANCIAL CORPORATION (A Florida Corporation), and JOHN DOES 1-10 | JURY DEMAND<br><br>Complaint Under the Racketeer Influenced and Corrupt Organizations Act |
| Defendants. | |

## COMPLAINT

Comes the Plaintiff, by and through counsel, and hereby sues the Defendants and, for cause, would state and show as follows:

### I.

### THE PARTIES

1. The Plaintiff, George Preston ("Preston"), is a citizen and resident of Nashville, Tennessee, and is the mortgagor of certain improved real property located at 209 Hollywood Street, Goodlettsville, TN 37072, which is encumbered by a mortgage purported to be owned and/or serviced by Defendant, Ocwen Loan Servicing, LLC.

2. The Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), is believed to be a Delaware corporation, with its principal place of business in West Palm Beach, Florida. Ocwen is in the financial services business and which purports to have a mortgage on the property owned by the Plaintiff at 209

1

Hollywood Street, Goodlettsville, TN 37072, or it is acting as the agent for the mortgagee and servicing the loan pursuant to an agreement to which the Plaintiff is not a party and about which he has no specific knowledge. It participated in the enterprises that engaged in the acts of racketeering as further set forth in this Complaint. It is an "enterprise" within the meaning of 18 U.S.C.A. § 1961 (4) et seq. It and the other Defendants conspired in creating and controlling the various enterprises between the parties and in forming an association-in-fact for the purpose of extorting and defrauding the Plaintiff and others through the various enterprises. This association-in-fact was also an "enterprise" within the meaning of RICO, 18 U.S.C.A. § 1961 (4) et seq. Ocwen shall be referred to in the singular throughout this complaint but it shall mean any and all of the Ocwen entities. Ocwen is also a "debt collector" within the meaning of 15 U.S.C.A. § 1692 et seq.

3. The Defendant, Ocwen Financial Corporation ("Ocwen"), is believed to be a Florida corporation and the single member of the Defendant LLC, Ocwen Loan Servicing, LLC and it is a co-defendant in the present case. It participated in the enterprises that engaged in the acts of racketeering as further set forth in this Complaint and it is an "enterprise" within the meaning of 18 U.S.C.A. § 1961 (4) et seq. It conspired with the other Defendants in creating and controlling the various enterprises between the parties further described in this Complaint and in forming an association-in-fact for the purpose of extorting and defrauding the Plaintiff through the various enterprises.

4. The Defendants, John Does 1-10, are employees, officers and directors of the other named Defendants and/or other Ocwen entities and their employees, officers and directors who have participated in, planned, conspired, supervised, and assisted the named "enterprise" defendants in violating the RICO statute. These individuals are "persons" within the meaning of 18 U.S.C.A. § 1961 et. seq.

## II.

## VENUE AND JURISDICTION

5. The Plaintiff avers that venue is proper in this Court in that the Plaintiff is located in the Middle District of Tennessee and all acts complained of occurred or accrued in the Middle District of Tennessee. Venue is proper pursuant to 18 U.S.C. § 1965(a).

6. Jurisdiction is proper pursuant to 18 U.S.C. § 1964-68 and 1964(c), since this involves a federal statute, namely, 18 U.S.C. §§ 1961 *et seq.*, 1962(C), 1964-68, and 1964(c). Jurisdiction is proper in that the parties are citizens of different states and the amount in controversy is in excess of $75,000.00 so as to establish diversity jurisdiction pursuant to 28 U.S.C.A. § 1332.

## III.

## THE FACTS

7. The Plaintiff, Preston, avers that he purchased the property at 209 Hollywood Street, Goodlettsville, TN 37072 in 1997 and originally mortgaged the property through Wilson Bank and Trust in Lebanon, Tennessee.

8. The Plaintiff avers that he refinanced the property through Home American Credit, Inc. d/b/a Upland Mortgage Company in 2000, with a first mortgage in the amount of $86,400.00 and a second mortgage in the amount of $54,720.00.

9. The Plaintiff avers that, sometime in 2006, he was instructed to make his payments for both of these mortgages to a different company named Ocwen Loan Servicing, LLC.

10. The Plaintiff avers that he made his payments to Defendant, Ocwen, beginning in 2006.

11. The Plaintiff avers that he had incurred late fees in 2006 but continued to make his payments on both loans.

12. The Plaintiff avers that he received multiple mailings each month, beginning in 2006, from Defendant, Ocwen, which contained illegal fees, late charges, and false statements of the money due, payments made, and money owed. These mailings were in violation of 18 U.S.C. § 1341. The Plaintiff relied on these mailings and paid additional payments.

13. The Plaintiff avers that he sought an accounting of his payments on multiple occasions but never received a true and accurate accounting of his payments.

14. The Plaintiff avers that he continued to make his payments to Defendant, Ocwen, and Defendant, Ocwen, continued to create false accountings of his payments.

15. The Plaintiff avers that the Defendant, Ocwen, used the United States mails and wires in furtherance of its fraudulent and illegal scheme by sending at least ten letters each month beginning in May 2006 and hundreds of harassing telephone calls each month beginning in 2006 using the United States mails and wires in furtherance of their scheme to defraud and extort the Plaintiff in violation of 18 U.S.C. § 1341. These numerous acts are part of a continuous and constant scheme that has occurred on divers occasions constituting more than two (2) such predicate acts within the past two years. The Plaintiff relied upon these mailings and paid money to defendant, Ocwen.

16. The Plaintiff avers that the Defendant, Ocwen, charged unlawful fees to Plaintiff, Preston, misapplied Preston's payments, and asserted charges not due and owing including, but not limited to, forced casualty insurance. The Plaintiff further avers that the Defendant knew that these charges were not due and owing. Despite the fact that Plaintiff always had property and casualty insurance on the real property at issue and proved such to Defendant, Ocwen, Ocwen intentionally continued to assess him with false and fraudulent fees. The Defendant, Ocwen, asserted fraudulent charges under the threat of foreclosure and continued to misapply the Plaintiff's payments which were made

4
Case 3:08-cv-00185   Document 1   Filed 02/22/08   Page 4 of 12 PageID #: 7

timely. These actions were in violation of 18 U.S.C. § 1341. The Plaintiff relied upon these mailings and paid additional money.

17. The Plaintiff avers that the Defendant, Ocwen, has continued to accept certain payments but refuses others although all payments since at least February of 2007 have been made timely as agreed.

18. The Plaintiff avers that he entered into a sales agreement to sell the property located at 209 Hollywood Street, Goodlettsville, TN 37072 in December of 2007 but is unable to close the sale because Defendant, Ocwen, has fraudulently inflated the money it claims it is owed on the mortgages it allegedly received from Upland Mortgage.

19. The Plaintiff avers that he does not owe all of the money alleged by Defendant, Ocwen, and the Defendant's actions have caused Plaintiff to be unable to sell the property, thereby causing Plaintiff financial damages. The Plaintiff has been injured by reason of Defendant's violations of the RICO Act, predicate acts, and other violations.

20. The Plaintiff avers that the Defendant, Ocwen, has used the mails on multiple occasions each month beginning in 2006 to effectuate its fraudulent scheme to defraud the Plaintiff.

21. The Plaintiff avers that Defendant, Ocwen, has engaged in deceptive and unfair acts in servicing and/or administering the mortgages on 209 Hollywood Street, Goodlettsville, TN 37072. The Plaintiff avers that should the Defendants be permitted to proceed with their illegal schemes the Plaintiff will lose title to his real property and suffer immediate and irreparable monetary harm.

# IV

## COUNT ONE:
## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ACT IN VIOLATION OF 18 U.S.C § 1962(C)

22. The Plaintiff relies upon the factual averments in numbered paragraphs 1-21 in support of the following cause of action.

23. The Plaintiff avers that, at all relevant times, the Defendants, Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, and others yet unnamed, each constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4) and § 1962 (c) in that they were corporations or other juridical entities.

24. The Plaintiff avers that the Defendants, Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, and John Does 1-10 conducted, participated in, engaged in, conspired to engage in, and/or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), § 1961(5), and § 1962(c). The pattern of racketeering activity consists of mail and wire fraud in violation of 18 U.S.C. § 1341. These acts all occurred after the effective date of the RICO Act, and more than two (2) such acts occurred within ten (10) years of one another.

25. The Plaintiff avers that, at all relevant times, the enterprises were engaged in, and their activities affected, interstate commerce.

26. The Plaintiff avers that all of the predicate acts described herein were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. § 1962(c), in that their common purpose and common result were to defraud the Plaintiff of money, personally or through the Defendants' agent or agents, and to, directly or indirectly, participate in all of the acts of

racketeering; and/or in that the acts of racketeering were otherwise related by distinguishing characteristics and were not isolated events.

27. The Plaintiff avers that all of the predicate acts described herein were continuous so as to form a pattern of racketeering activity in that the Defendants engaged in the predicate acts over a substantial period of time, or in that such predicate acts had become the Defendants' regular way of conducting business, said business practices have continued to the present. The Plaintiff further avers that he is not the only victim of the Defendants' fraud but that there are hundreds and perhaps thousands of victims in multiple states of the Defendants' racketeering activity.

28. The Plaintiff avers that, as a direct and proximate result of, and by reason of, the activities of the Defendants, and their conduct in violation of 18 U.S.C. § 1962(c), the Plaintiff has been injured in his business and property, within the meaning of 18 U.S.C. § 1964(c). The Plaintiff is, therefore, entitled to recover, three-fold, the damages he has sustained, together with the costs of this lawsuit, including court costs, reasonable attorney's fees, and reasonable experts' fees.

## V.

### COUNT TWO: VIOLATIONS OF 18 U.S.C. § 1962 (A)

29. The Plaintiff re-alleges and restates paragraphs 1-28 in support of the following cause of action.

30. 18 U.S.C. § 1962 (a) proscribes the following conduct:

> **It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.**

31. Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U.S.C. § 1962 may recover three-fold the actual damages, plus the costs of the suit, including reasonable attorney's fees.

32. The Plaintiff avers that the Defendants violated this provision of the RICO Act by receiving income from a pattern of racketeering activity as previously alleged.

## VI.

### COUNT THREE:
### VIOLATIONS OF 18 U.S.C. § 1962 (B)

33. The Plaintiff re-alleges and restates paragraphs 1-32 in support of the following cause of action.

34. 18 U.S.C. § 1962 (b) proscribes the following conduct:

   **It shall be unlawful for any person through a pattern of racketeering activity… to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.**

35. Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U.S.C. § 1962 may recover three-fold the actual damages, plus the costs of the suit, including reasonable attorney's fees.

36. The Plaintiff avers that the Defendants have violated this provision in that each Defendant enterprise is, and has been at all times material hereto, engaged in interstate or foreign commerce, and, as a direct and proximate result, the Plaintiff has been injured in his business and property.

## VII

### COUNT FOUR:
### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT – IN VIOLATION OF 18 U.S.C. § 1962(D)
### (CONSPIRACY)

37. The Plaintiff re-alleges and restates paragraphs 1-36 in support of the following cause of action.

38. The Plaintiff avers that the Defendants conspired to conduct or participate, directly or indirectly, in the conduct of the affairs of the heretofor identified enterprises through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). In particular, the Defendants intended to further an endeavor which, if completed, and as completed, would satisfy all of the elements of a substantive RICO criminal offense and an adopted goal of furthering or facilitating the criminal behavior.

39. The Plaintiff avers that he was injured by the Defendants and their overt acts that are acts of racketeering or otherwise unlawful under the RICO statute, which included (among other acts) acts of mail fraud and wire fraud in violation of 18 U.S.C.A. § 341 and § 343 (as described with particularity in paragraphs 1-28, *supra*).

40. The Plaintiff avers that, as a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(d), the Plaintiff has been injured in his business and property, within the meaning of 18 U.S.C. § 1964(c). Among other things, the Plaintiff has suffered damages to the extent that he has been unable to close the sale of the property at 209 Hollywood Street, Goodlettsville, TN 37072, despite having entered into a contract for the sale of said property in December 2007, due to the fraudulently inflated amount which Defendants claim it is owed on the mortgage it allegedly received from Upland Mortgage. The Plaintiff avers that he is, therefore, entitled to recover, three-fold, the damages he has sustained, together with the cost of this lawsuit, including costs, reasonable attorney's fees, and reasonable experts' fees.

## VIII.

### COUNT FIVE
### VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT AT TENN. CODE ANN. §47-18-104 ET SEQ.

41. The Plaintiff relies upon the factual averments in numbered paragraphs 1-40 in support of the following cause of action.

42. The Plaintiff avers that the actions of the Defendants as set forth specifically above constitute unfair and deceptive trade practices and violate the Tennessee Consumer Protection Act as a direct and proximate result. The Plaintiff has suffered financial injury as a direct and proximate result.

## IX.

### COUNT SIX
### BREACH OF CONTRACT

43. The Plaintiff relies upon the factual averments in numbered paragraphs 1-42 in support of the following cause of action.

44. The Plaintiff avers that he and the Defendant, Ocwen, are parties to a mortgage contract and that Defendant, Ocwen, has violated the contract through its false accountings, failure to timely credit payments, and other actions. The Plaintiff avers that the Defendant Ocwen has violated the implied covenant of good faith and fair dealing and that its actions are the first material breach between the parties and they render the Plaintiff's duties and obligations under the contract void. The Plaintiff avers that it has sustained significant financial damages as a direct and proximate result of the Defendant's breach of contract.

## X.

### COUNT SEVEN
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AT 15 U.S.C.A §1692 ET SEQ.

45. The Plaintiff relies upon the factual averments in numbered paragraphs 1-44 in support of the following cause of action.

46. The Plaintiff avers that the Defendant, Ocwen, has used false and deceptive means of collecting its debts against the Plaintiff. The Defendant, Ocwen, has used the false and deceptive means by falsifying the amounts paid and owed, interest accrued, and other fees alleged to be due it while using harassing telephone calls and sending harassing written communications through the United

States mails to effect its scheme. The Defendants' actions have been continuous and constant since 2006 and they have relied upon false statements as to money due and payable as well as other fees and expenses. The Plaintiff avers that the Defendant has an intentional pattern of violating the Plaintiff's rights under the Fair Debt Collection Practices Act at 15 U.S.C.A. §1692 et seq.

## XI.

**WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

1. That the Defendants be served with process and be required to answer within the time allowed by law;

2. That the Plaintiff be awarded a judgment against the Defendants, jointly and severally, for compensatory damages in an amount in excess of $150,000;

3. That the Plaintiff be awarded statutory and other damages pursuant to 15 U.S.C.A. §1692;

4. That the Plaintiff be awarded punitive damages against the Defendants in an amount to be determined by the jury for their intentional, willful, knowing, fraudulent, and dishonest violations of the law;

5. That the Plaintiff be awarded damages against the Defendants in an amount such as the Court shall deem appropriate and at treble the amount of said damages pursuant to 18 U.S.C. § 1964(c) and Tenn. Code Ann. § 47.18-104 et seq.

6. That the damages be trebled pursuant to 18 U.S.C. § 1984(c);

7. That the Plaintiff be awarded all costs of litigation incurred, including reasonable attorney's fees, costs, disbursements, and expenses, pursuant to 18 U.S.C. § 1964(c), 15 U.S.C.A. §1692; and § 47.18-104 et seq.; and

8. That the Defendant be enjoined from foreclosing on the Plaintiff's real property pending the final hearing in this matter;

9. That the Plaintiff be awarded such other, further relief to which he may be entitled.

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS MATTER.**

Respectfully submitted,

G. Kline Preston, IV #17141
Patrick Thurman #22311
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 620-4322